ORDER
WRIT GRANTED.
Defendant/applicant, Blue Streak Marine, Inc., seeks review of the trial court’s holding that its suspensive appeal bond is insufficient because the immovable property offered as security for the bond is also *317 subject to another mortgage, which has priority over the appeal bond.
Following a trial on the merits and a motion for summary judgment, the trial court found Blue Streak liable to plaintiffs for $33,671.69 plus interest and $6,612 attorneys’ fees. Blue Streak took a suspen-sive appeal from that judgment and the appeal bond was set at $66,854.98. The appeal will be heard by this court February 9, 1989 as docket number 88-CA-1904.
Blue Streak sought to post an appeal bond secured by immovable property located in this state, in compliance with LA.C. C.P. art. 5121.1, which states as follows:
Any party to a judicial proceeding who is required by law or court order to provide security may furnish as security a bond secured by immovable property located in this state. The party providing the property bond shall present to a judge of the parish in which the immovable is located an assessment certificate, a homestead exemption waiver if applicable, and a mortgage certificate. Prior to presenting the bond to the court having jurisdiction over the judicial proceeding the bond shall be recorded in the mortgage office of the parish were the immovable is located and recordation shall be evidenced on the mortgage certificate.
On motion of the plaintiffs, the trial court initially held the bond was insufficient and ordered Blue Streak to provide an appraisal, a conveyance certificate and a letter from Pelican Homestead Asso., the mortgagee, showing the total amount of principal and interest owed on the first mortgage.
Blue Streak thereafter filed an appraisal which established the fair market value of the property at $310,000 and a letter from Pelican Homestead which established the outstanding balance of principal and interest on the first mortgage at $174,366.24, leaving $135,632.76 in equity in the property available. That amount is more than twice the required value of the bond.
Despite applicant’s compliance with the trial court’s order after the initial hearing, plaintiffs then requested and received an ex •parte order declaring the bond insufficient. This court granted applicant’s writ and overturned that order, saying the sufficiency of the appeal bond could not be determined ex parte.
Plaintiffs then filed a third rule, this time attacking the sufficiency of the bond solely because of its status as a second mortgage on the property. The trial court granted the motion.
Nothing in La.C.C.P. art. 5121.1 indicates any intention on the part of the legislature to limit the immovable property used to secure appeals bonds to property which is not subject to another encumbrance. In fact, La.C.C.P. art. 5122, subd. A(3) indicates that the legislature intended that previously-mortgaged property be sufficient security on bonds, provided the equity in the property is adequate to pay the bond. That provision requires the party furnishing a bond secured by immovable property to. file an affidavit “that he is worth the amount for which he has bound himself and that the immovable securing the bond contains assets subject to execution, over and above all his other obligations. La.C. C.P. art. 5122, subd. A(3) (Emphasis added). The underlined portion of the provision contemplates the possibility of other encumbrances on the property.
Accordingly, we hold that the applicant’s suspensive appeal bond secured by the immovable property with adequate equity to meet the obligation is sufficient.